FILED

2018 FEB -1  AM 10: 49

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

DIEGO FERNANDO CARDONA LOZANO
  a/k/a "Pomada"
  a/k/a "El Doctor"
  a/k/a "Carlos"

CASE NO. 8:17-cr-611-T-24MAP
21 U.S.C. § 963
18 U.S.C. § 1956

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date and continuing until on or about January 4, 2018, the defendant,

DIEGO FERNANDO CARDONA LOZANO,
a/k/a "Pomada," "El Doctor," "Carlos,"

who will be first brought into the United States at a point in the Middle District of Florida, did knowingly and willfully combine, conspire, and agree with others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing, intending, and having reasonable cause to believe that such substance would be

unlawfully imported into the United States, contrary to the provisions of 21 U.S.C. § 959.

All in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii); and 18 U.S.C. § 3238.

## COUNT TWO

### A. Introduction

At all times material to this Superseding Indictment:

1. DIEGO FERNANDO CARDONA LOZANO was a Colombian national involved in the trafficking of cocaine, a Schedule II controlled substance, to the United States, Europe, and elsewhere, as well as the repatriation of drug proceeds back to Colombia.

2. The Colombian Black Market Peso Exchange (BMPE) is a financial structure used in Colombia to conduct financial transactions in exchange for dollars in the United States, euros in the European Union, pounds in the United Kingdom, and Australian dollars in Australia (collectively, "the currencies"). The currencies are placed into the United States financial system through Colombian peso brokers through wire transfers or deposits into various bank accounts.

3. The currencies are sold at a discount to peso brokers in Colombia who, in turn, sell the currencies to individuals with outstanding debts in the United States and elsewhere.

4.  The BMPE facilitates the exchange of currencies drug cartels own in the United States and elsewhere for pesos already in Colombia, by selling the currencies to individuals in Colombia seeking to buy goods for export.

### B. The Conspiracy

5.  Beginning on an unknown date and continuing through on or about January 4, 2018, the defendant,

>  DIEGO FERNANDO CARDONA LOZANO,
>  a/k/a "Pomada," "El Doctor," "Carlos,"

who will be first brought into the United States at a point in the Middle District of Florida, did knowingly combine, conspire, and agree with others, both known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit:

(a)  To transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(A); and

(b)  To transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, drug trafficking conspiracy, from a place in the United States to or through a place outside the United States, knowing that the

3

funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

All in violation of 18 U.S.C. § 1956(h).

### C. Manner and Means

6. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

7. It was a part of the conspiracy that the conspirators collected bulk cash proceeds of drug trafficking worldwide.

8. It was further part of the conspiracy that the conspirators utilized money brokers to launder proceeds of drug trafficking through the BMPE. The BMPE is a means of laundering drug proceeds whereby a broker receives bulk cash in various currencies and converts the currency into Colombian pesos.

9. It was further part of the conspiracy that the utilization of the BMPE was twofold. First, DIEGO FERNANDO CARDONA LOZANO and others, both known and unknown to the grand jury, placed and caused to be placed in the United States, to or through a place outside the United States, drug proceeds for conversion into Colombian pesos for the purpose of financing future

trafficking of controlled substances knowing, intending, and having reasonable cause to believe that such controlled substances would be unlawfully imported into the United States and elsewhere. Second, the use of the BMPE was intended to conceal and disguise the nature, location, source, ownership, and control of the drug trafficking proceeds received during the conspiracy.

10. It was further part of the conspiracy that DIEGO FERNANDO CARDONA LOZANO and others, both known and unknown to the grand jury, used proceeds of specified unlawful activity laundered through the BMPE to finance the smuggling of cocaine knowing, intending, and having reasonable cause to believe that such controlled substances would be unlawfully imported into the United States and elsewhere.

## FORFEITURE

1. The allegation contained in Counts One and Two of this Superseding Indictment is hereby realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 21 U.S.C. §§ 853 and 970, and 18 U.S.C. § 982(a)(1).

2. Upon conviction of the violations alleged in Count One of the Superseding Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853 and 970, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any

property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

3. Upon conviction of the violations alleged in Count Two of the Superseding Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

4. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained by the defendant as a result of the offenses alleged in Count One as well as the amount involved in the offense alleged in Count Two.

5. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), directly and as incorporated by 18 U.S.C. § 982(b)(1).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Daniel M. Baeza
Assistant United States Attorney

By: _____
Joseph K. Ruddy
Assistant United States Attorney
Chief, Panama Express Strike Force

\\usaflmsfile21.usa.doj.gov\Users\_Cases\Criminal Cases\C\Cardona-Lozano, Diego Fernando_2017R0pend_DMB\p_superseding Indictment.docx

7

FORM OBD-34
January 18

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

DIEGO FERNANDO CARDONA-LOZANO
a/k/a "Pomada"
a/k/a "El Doctor"
a/k/a "Carlos"

## INDICTMENT

Violations:  1 U.S.C. § 963
18 U.S.C. § 1956

A true bill,

_____
Foreperson

Filed in open court this 1st day of February 2018.

_____
Clerk

Bail $_____

GPO 863 525